Allread, J.
(of the Second Appellate District, sitting in place of Jones, J.). Elizabeth Gohman is the owner of four lots or tracts of land fronting *404 upon Greenlee avenue in the city of St. Bernard. Her husband, who was her predecessor in title, improved the lots by the construction of dwelling houses, fronting upon Greenlee avenue. These improvements were made prior to the establishment of a street grade. On February 14, 1913, the city of St. Bernard, through its council, established a grade for Greenlee avenue, extending along the property of Elizabeth Gohman. The effect of the grade and the construction of the street 'with reference thereto left one lot considerably above the grade and the other three lots upon the other side of the street from one to five feet below. Elizabeth Gohman thereupon brought this action in the insolvency court to recover damages.
Upon the trial she abandoned her claim for damages as to the lot which lay above the grade and prosecuted the case for the three lots lying below.
The trial resulted in a verdict and judgment for $2,500, in favor of the plaintiff, and error is prosecuted by the city.
Several-grounds are urged for the reversal of the judgment. The court was requested before argument to charge the jury in substance that if a claim for damages was not filed by the plaintiff more than sixty days before the bringing of the action, the verdict should be for the defendant. It is contended that such instruction should have been given under Section 3830, General Code. This section does not purport to extinguish the cause of action, but is merely procedural. It was designed to give the city an opportunity to investigate or settle and adjust the claim without cost. If the city desired to take advantage of this provision, it *405 was bound to make the question by plea or motion at the outset of the trial. (City of Toledo v. Meinert, 15 C. C., N. S., 545.) The failure to do so constitutes a waiver. The trial court properly refused such charge.
The defendant below, by an amended answer, invoked the provisions of Section 3823, General Code, which are as follows:
“An owner of a lot, or of land, bounding or abutting upon a proposed improvement, claiming that he will sustain damages by reason of the improvement, within two weeks after the service of the notice or the completion of the publication thereof, shall file a claim in writing with the clerk of council, setting forth the amount of the damages claimed, with a general description of the property with respect to which it is claimed the injury will accrue. An owner who fails to do so, shall be -deemed to have waived such damages and shall be barred from filing a claim or receiving damages. This provision shall apply to all damages which will obviously result from the improvement, but shall not deprive the owner of his right to recover damages arising, without his fault, from the acts of the corporation, or its agents.”
The amended answer asserts that plaintiff, although duly served with notice, failed to file her claim within the time specified and therefore waived the same. There was a motion to strike the amended answer from the files, but the motion was overruled. Section 3823, General Code, provides for a complete defense to the cause of action, upon .the giving of notice and upon failure to present a claim. This defense might be made by an amended *406 answer, and the right to file such amended answer was within the court’s discretion. It is settled by-decisions of our supreme court that Section 3823, General Code, is valid and will be enforced in.cases clearly falling within, its provisions. Railroad Co. v. Defiance, 52 Ohio St., 262, and Cohen v. Cleveland, 43 Ohio St., 190.
There was an issue as to the service and sufficiency of the notice. The burden of proof was upon the city to make out this defense. There was a conflict of evidence upon the question of notice. The clerk testified that he served the notice personally upon the plaintiff, and that he made a record or return at the time. This record was also produced. The plaintiff testified in her own behalf and denied the service.
'Counsel for the city called to the court’s attention an affidavit on file in connection with the motion to strike the amended answer from the file. It does not appear from the bill of exceptions that such affidavit was before the jury and it can not be considered by the reviewing court as part of the evidence .upon which the jury based its verdict.
We have reached the conclusion that while there is some doubt as to the weight of the evidence, the verdict is not' so manifestly contrary to the weight of the evidence as to justify a reversal upon that ground. The form of the notice and the ordinance for the improvement conform substantially to the requirements of the statute, and it was not necessary to serve more than one notice upon the plaintiff in the case at bar.
The trial court refused to give charge No. 4 before argument. This charge was based upon the *407 provisions of Section 3823, but we think it did not clearly emphasize the controverted question of fact, to-wit, the service of notice upon the plaintiff below. The jury might have been led by the giving of that charge to overlook the importance of the preliminary finding as to whether the notice had been served. We find no error in the refusal to give charge No. 4. The law upon this subject was clearly and correctly stated in the general charge.
This brings us to the question of the alleged unreasonableness of the grade of February 14, 1913.
In the case of The City of Akron v. The Chamberlain Co., 34 Ohio St., 328, it is held:
“The owner of a lot abutting on an unimproved street of a city or village, in erecting buildings thereon, assumes the risk of all damage which may result from the subsequent grading and improvement of the street by the municipal authorities, if made within the reasonable exercise of their power.
“Whether a' grade be unreasonable or not, must be determined by the circumstances existing at the time the grade*was established, and not by the circumstances existing at the time abutting lots may have been improved.”
This case has been approved in the case of The City of Akron v. Huber, 78 Ohio St., 372.
Considerable evidence is found in the record tending to prove an unconfirmed survey in 1893 or 1894 of a proposed grade of the street in controversy by Daniel S. Hosbrook, the village engineer, and of an opinion by him that such grade was a reasonable one; also that the then owner of the property relied thereon in the improving of his *408 property. In the general charge the trial court says: • ' '
“In this connection you can take into consideration the testimony of the* plaintiff in this case, tending to show that at’the time they consulted the city engineer, Mr. Hosbrook, as to the grade, and what he said to them. You can take that into consideration when you come to determine the question of what is a reasonable grade. If the buildings were put up at that time to a reasonable grade, then the plaintiff would be entitled unquestionably to damages, provided, of course, you find that this which was subsequently established some twenty-one years afterwards was an unreasonable grade under all circumstances.”
. This charge is misleading in that it emphasizes too strongly the significance of the survey and opinion of the village engineer in 1893, and would call for some definite charge by the trial court to the effect that the reasonableness or "unreasonableness of the grade established in 1913 was to be •determined as of the time when the grade was actually mad'e.
As to the measure of damages, we think the rule is stated in Hurst v. City of Akron, 23 C. C., N. S., 591:
“The measure of his damages in such case will be the difference between damages which would have resulted to his property from the' establishment of a reasonable and proper grade and that resulting from the grade as actually established.”
• While there is one sentence,' or perhaps two, in the general charge of the court, which correctly states the measure of damages, yet there are other *409 statements of a misleading and, we think, prejudicial character. Among the statements we quote the following:
“The real question being what was the value of the property before the grade was established, and before the improvement was made, and what was the value of the property afterwards.”
Also the following:
“So if you find the owners’ grade, that is to say, the grade they built the house on, and that grade was reasonable, and the grade established by the ■city of St. Bernard was unreasonable, then you must allow such damages as will accrue on account of the difference of the property.”
Also:
“If you find this grade unreasonable, the amount you award to the property owner, the plaintiff in this case, is to be such an amount that when she leaves this court room she is no richer or poorer than when she came into this court room, so that she can still say: my property has been injured, but I have received such an amount at the hands of the jury, I am as well off now as before.”
These statements do not actually state the measure of damages in the case at 'bar, and would have a prejudicial effect upon the jury in estimating damages.
The correct rule in other parts of the charge is not so prominently or clearly stated as the opposite rule in the charges above quoted. It is well settled in this state that where both a correct and an incorrect rule are given to the jury, and where from the whole charge it is uncertain which rule the jury adopted, the verdict and judgment should be re *410 versed. The Pendleton Street Rd. Co. v. Stallman, Admx., 22 Ohio St., 1; The Aetna Ins. Co. v. Reed, 33 Ohio St., 283, and The Little Miami Rd. Co. v. Wetmore, 19 Ohio St., 110.
• The court in its general charge correctly stated the issues and then proceeded to discuss each branch.
On page 511 the court says:
“The pivotal question, the point in this case, the amount of damages, revolves around the question of the reasonableness of the grade.”
The court most likely intended this statement to be confined to the branch of the case involving damages, but nevertheless it was capable of being differently construed by the jury.
There are also some sentences in the charge in reference to lateral support, etc., which, after the withdrawal of the claim for damages as to the fourth tract, were not relevant to the case as presented.
The evidence as to the construction of a retaining wall or a fill was incidental. Such facts might be brought out as elements to be considered under certain circumstances, but they do not form the measure of damages.
The alleged misconduct of counsel in the closing argument is urged as ground for reversal.
We have considered that the closing argument of counsel for plaintiff below is a part of the record.
In the case of The Ohio & Western Pennsylvania Dock Co. v. Trapnell, 88 Ohio St., 516, it is held that the control of counsel during the trial of the case is in some measure a matter of discretion *411 of the trial court. The reasoning is especially applicable in the case at bar. We do not have before us the argument 'of all the counsel. The scope of a closing argument depends somewhat upon those which precede. The trial court was, therefore, in a better position to determine whether any of this argument was provoked or justified by anything said by opposite counsel. The case of Driscoll v. The Cincinnati Traction Co., 88 Ohio St., 150, eliminates as ground for reversal improper remarks of counsel upon general subjects. We think that the statements referred to in the closing argument of counsel do not of themselves constitute ground for reversal.
We have gone into the question argued somewhat fully to aid counsel and the court in retrial of the case.
For errors in the charge, above referred to, the judgment of the insolvency court is reversed, and the cause remanded for a new trial.

Judgment reversed, and cause remanded.

Hamilton and Shohl, JJ., concur.